Contracts, termination; default termination; failure to perform; excusable default; foreseeability; substantial evidence. — Plaintiff contracted with the Army and Air Force Exchange Service for the operation of music and amusement machines at Fort Jackson, Columbia, South Carolina. The contract was default terminated when plaintiff failed to remit fees due to the Exchange. Plaintiff alleged before the Armed Services Board of Contract Appeals (board) that its admitted failure to remit fees due to the Exchange Service under the contract was due to unforeseeable causes beyond its control and without its fault or negligence, namely, increased expenses and decreased revenue. Although the termination clause of the contract did not provide for excusable default, the board reviewed each item of unanticipated expenses and analyzed the revenue reasonably to be anticipated in order to determine in each instance whether the overrun or underrun was foreseeable and whether it arose out of causes beyond the control and without the fault or negligence of the contractor. The board concluded that plaintiffs failure to perform was not due to factors beyond the control of and without fault of plaintiff and that therefore the termination was proper. On April 29, 1981 Trial Judge Louis Spector filed a recommended opinion (reported in full at 28 CCF ¶ 81,368) sustaining the decision of the board as supported by substantial evidence. The trial judge found that plaintiffs actual expenses were contemplated by the contract, often by specific provision, and none were shown to be attributable to wrongful acts or *749 omissions of the defendant. On July 7, 1981 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case and dismissed the petition.